IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ZINGARO and KATHLEEN ZINGARO, administrator of the ESTATE OF CONCETTA ZINGARO<br><br>v.<br><br>CLEARVIEW WHITEHALL GSA LLC, UNITED STATES OF AMERICA, JOHN DOES 1-10 AND JOHN DOES 11-20<br><br>**Defendants** | UNITED STATES DISTRICT COURT<br><br>Civil Action<br><br>No: 2:23-cv-01135<br><br>**COMPLAINT AND DEMAND FOR DISCOVERY** |

**COMPLAINT IN CIVIL ACTION**
**PREMISES LIABILITY**

**PARTIES**

1. Plaintiff, JOSEPH C. ZINGARO, is an adult individual residing at 2425 Lower State Road, Doylestown, PA 18901.

2. CONCETTA ZINGARO, was the wife of Plaintiff, JOSEPH C. ZINGARO.

3. CONCETTA ZINGARO passed away on September 27, 2022.

4. On March 14, 2023, Kathleen Zingaro, was appointed as the Executrix of the ESTATE OF CONCETTA ZINGARO and brings this action in her capacity of the Executrix.

5. Defendants, CLEARVIEW WHITEHALL GSA LLC, is a Pennsylvania Domestic Limited-Liability Company authorized to do business in the Commonwealth of Pennsylvania, maintaining a registered office address at 2121 N. Akard Street, Dallas, Texas 75201-2223.

6. The United States Department of Veterans Affairs is an agency of the Defendants, UNITED STATES OF AMERICA, and at all time material hereto provided healthcare to Veterans including the Plaintiff herein, JOSEPH C. ZINGARO.

7. Defendants, JOHN DOES 1-10, is/are unidentified individuals and/or companies hired to oversee the day-to-day operations at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103.

8. Defendants, JOHN DOES 11-20 is/are unidentified individuals or corporate entities responsible for the maintenance, construction or repair of the facilities located at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103.

## FACTUAL ALLEGATIONS

9. At all times relevant hereto, Defendants, CLEARVIEW WHITEHALL GSA LLC, engaged in the business of, among other things, owning, operating, and maintaining a property, located at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103 which was open to the public, including to Plaintiff, JOSEPH C. ZINGARO.

10. At all times relevant hereto, Defendants, CLEARVIEW WHITEHALL GSA LLC, individually and/or jointly owned, controlled, operated, managed and were responsible for the property and business at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103.

11. At all times relevant hereto, Defendants, the UNITED STATES OF AMERICA, was engaged in the business of, among other things, owning, operating, and maintaining a Veterans Affairs clinic known as Allentown Community Outpatient Clinic located at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103 which was open to the public, including to Plaintiff, JOSEPH C. ZINGARO.

STARK & STARK
ATTORNEYS AT LAW

12. At all times relevant hereto, Defendants, THE UNITED STATES OF AMERICA, individually and/or jointly owned, controlled, operated, managed and were responsible for the property and business at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103.

13. On or about September 2, 2021, the Plaintiff, JOSEPH C. ZINGARO, was a patient at the Allentown Community Outpatient Clinic and was caused to trip and fall due to a defect on the property on the business premises of Defendants, CLEARVIEW WHITEHALL GSA LLC, and the UNITED STATES OF AMERICA.

14. Defendants, CLEARVIEW WHITEHALL GSA LLC and THE UNITED STATES OF AMERICA were negligent in the design, construction and/or maintenance of the property and failed to take precautionary measures or warn the Plaintiff, JOSEPH ZINGARO, of a dangerous condition of the property

15. As a result of Defendant's negligence, Plaintiff, JOSEPH C. ZINGARO, sustained injuries hereinafter more particularly described.

## JURISDICTION

16. Jurisdiction in the United States District Court is appropriate as to Defendants, the UNITED STATES OF AMERICA, can only be sued in the United States District Court pursuant to 28 U.S.C. 1346.

17. Original jurisdiction as to Defendants, CLEARVIEW WHITEHALL GSA LLC, pursuant to 28 U.S.C. Sec. 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and the action is between citizens of different states, thus, there is complete diversity between the parties.

18. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b)(2), as this is the judicial district where the Plaintiff, JOSEPH C. ZINGARO, fell and was injured.

19. On June 21, 2022, counsel for the plaintiffs submitted administrative claims on behalf of the plaintiffs by sending properly completed Standard Form 95s, demanding sums certain for each of the plaintiffs to Department of Veterans Affairs, Office of General Counsel, Tort Laws Group, 810 Vermont Avenue, NW, Washington, DC 20420, via certified mail article numbers: 7021 2720 0000 1387 9504 (Concetta Zingaro) and 7021 2720 0000 1387 9498 (Joseph Zingaro)

20. On June 24, 2022, Defendants, the UNITED STATES OF AMERICA, received the Standard Form 95s for each of the Plaintiffs.

21. On or about October 17, 2022, Defendants, THE UNITED STATES OF AMERICA denied the Plaintiffs' administrative claim and Plaintiffs are entitled to file this lawsuit.

## COUNT I – NEGLIGENCE
### Plaintiff, Joseph C. Zingaro v. Defendants

22. Plaintiff, JOSEPH C. ZINGARO, hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth herein at length.

23. On or about September 2, 2021, Plaintiff, JOSEPH C. ZINGARO, was a patient at the Allentown Community Outpatient Clinic of the United States Department of Veterans Affair at the business premises of Defendants, CLEARVIEW WHITEHALL GSA LLC.

24. Plaintiff, JOSEPH C. ZINGARO, was caused to trip and fall due a defect on the property, more specifically the design, construction and maintenance of the curbing, sidewalk and parking lot, causing him to suffer severe and permanent injuries as described more fully herein.

25. At all times relevant hereto, Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, created or were otherwise aware of the dangerous condition on the property.

STARK & STARK
ATTORNEYS AT LAW

26. Despite knowledge of the danger that it posed to patients or guests, Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, by and through their agents, servants and/or employees caused and/or allowed this condition to exist for an extended period of time and failed to take any affirmative steps to remedy this condition, or adequately warn guests of the danger posed by this condition.

27. Defendants, CLEARVIEW WHITEHALL GSA LLC and/or THE UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, were at all relevant times negligent, careless, and reckless in their operation, management, and maintenance of the Allentown Community Outpatient Clinic at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103.

28. By inviting and permitting the public to the Allentown Community Outpatient Clinic 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, owed the public, and those members of the public who visited 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, who were business invitees, including Plaintiff, JOSEPH C. ZINGARO, a high duty of care to ensure that 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103 was clean and free from dangerous and/or hazardous conditions that were known or should have been known through the exercise of reasonable care.

29. Furthermore, it was a breach of a non-delegable duty by the Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, to create or allow to exist a known or reasonably known dangerous and/or hazardous condition, or if such dangerous and/or hazardous condition existed,

to not give proper notice or warning of such condition to invitees and/or the general public on the property of 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103.

30. By causing and/or allowing the defective condition to remain on the walking surface of the property of Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, the Defendants created a dangerous and/or hazardous condition, of which Defendants were aware, should have been aware, or could have been aware through the exercise of ordinary care, and breached their duty to public invitees and Plaintiff, JOSEPH C. ZINGARO, herein.

31. At all times relevant hereto, Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, had actual and/or constructive notice that property of 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, was unsafe, thereby creating the known dangerous and hazardous condition.

32. The negligence, carelessness and/or recklessness of the Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, during the time aforesaid consisted of, inter alia, the following:

   a) The defective design, construction and maintenance of the curbing, walkways, sidewalk and parking lot of the facility created a continually dangerous and/or hazardous condition for persons walking in the immediate vicinity of the curb and sidewalk;

   b) That although defendants knew, or in the exercise of reasonable care should have known that such a dangerous and/or hazardous condition existed, defendants failed to

STARK & STARK
ATTORNEYS AT LAW

warn Plaintiff, JOSEPH C. ZINGARO, through the posting of adequate warning signs, and gave no notice whatsoever to customers and potential customers including Plaintiff, JOSEPH C. ZINGARO, of the presence of the dangerous and/or hazardous condition;

c) Failing to adequately warn Plaintiff, JOSEPH C. ZINGARO, of the existence of the dangerous and defective curb, walkway and sidewalk, which Defendants, CLEARVIEW WHITEHALL GSA LLC and/or THE UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, caused and/or allowed to remain;

d) Failing to remove or otherwise remedy the dangerous and defective curb, walkways and sidewalk outside of 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, prior to Plaintiff, JOSEPH C. ZINGARO's fall;

e) Failing to inspect the premises of 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, to ensure that dangerous and defective curb, walkways and sidewalk were not allowed to remain in 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103 to the point where they would become a dangerous and/or hazardous condition;

f) Failing to maintain the premises;

g) Allowing the area at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, to become and remain in a dangerous and/or hazardous condition for unreasonable amounts of time;

h) Failing to use reasonable and prudent care to keep 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, premises in a safe condition;

STARK & STARK
ATTORNEYS AT LAW

i) Failing to have the aforesaid 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, inspected at reasonable intervals;

j) Allowing a dangerous and/or hazardous condition to exist in 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, for an extended period of time;

k) Failing to properly supervise and maintain 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103.

l) Failing to instruct their employees, statutory employees and/or agents as to the proper care, maintenance and control of the premises of 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103.

m) Failing to have adequate policies and procedures in place to ensure that 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, was kept free from hazardous and/or dangerous conditions during the period of time when the public was invited and/or permitted to walk and/or traverse through 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103

n) Failing to ensure that its agents, servants and/or employees exercise reasonable care and/or followed any existing policies and procedures to ensure that the premises at 3110 Hamilton Boulevard, Allentown, Pennsylvania 18103, was kept free from hazardous and/or dangerous conditions during the time when the public was invited and/or permitted to visit the clinic.

o) Failing to keep the property owned, occupied, maintained and/or controlled by Defendants, CLEARVIEW WHITEHALL GSA LLC and/or THE UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, and held open for

STARK & STARK
ATTORNEYS AT LAW

invitees, in a reasonable and safe condition in violation of various codes, laws and ordinances, including but not limited to the Ordinances of the City of Allentown.

33. The injuries sustained by Plaintiff, JOSEPH C. ZINGARO, as a result of the fall on September 2, 2021, were directly and proximately caused by the negligence, carelessness and recklessness of the Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, acting through its agents, servants and/or employees who were all acting within the course and scope of their agency and/or employment relationship.

34. As a direct and proximate result of the September 2, 2021, Plaintiff, JOSEPH C. ZINGARO, has sustained injuries in or about this body and extremities, which injuries are and may be serious, severe, and permanent and/or may have aggravated a previously existing condition. The plaintiff, JOSEPH C. ZINGARO, sustained injuries including but not limited to the following:

a) fractured left hip;

b) Past medical expenses incurred for the diagnosis, treatment and cure of the said personal injuries;

c) Future medical expenses incurred for the diagnosis, treatment and cure of the said personal injuries;

d) Past pain;

e) Future pain;

f) Past suffering;

g) Future suffering;

h) Embarrassment and humiliation;

STARK & STARK
ATTORNEYS AT LAW

i)   Past loss of enjoyment of life;

j)   Future loss of enjoyment of life; and

k)   Other injuries and damages suffered as a natural and probable result of the said personal injuries.

35.   As a further result of the negligence, carelessness and recklessness of Defendants, CLEARVIEW WHITEHALL GSA LLC and/or THE UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, Plaintiff, JOSEPH C. ZINGARO, has undergone great physical pain, mental anguish, embarrassment, and humiliation, and he will continue to endure the same for an indefinite time into the future, to his great detriment and loss.

36.   As a further result of the negligence, carelessness and recklessness of Defendants, CLEARVIEW WHITEHALL GSA LLC and/or THE UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, Plaintiff, JOSEPH C. ZINGARO, has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to affect a cure for the aforesaid injuries, and Plaintiff, JOSEPH C. ZINGARO, will be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time into the future, to his great detriment and loss.

37.   As a further result of the negligence, carelessness and recklessness of Defendants, CLEARVIEW WHITEHALL GSA LLC and/or THE UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, Plaintiff, JOSEPH C. ZINGARO, has and may in the future expend large sums of money for expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services, including an increase in the cost of housing, in lieu of those which Plaintiff, Joseph C. Zingaro, would have incurred or performed, not for income, but for the benefit of himself if he had not been injured.

WHEREFORE, Plaintiff, JOSEPH C. ZINGARO, demands judgment against

STARK & STARK
ATTORNEYS AT LAW

Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20 for compensatory damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest, and attorneys' fees.

## COUNT TWO – PER QUOD

38. Plaintiff, KATHLEEN ZINGARO, executrix of the ESTATE of CONCETTA ZINGARO, incorporates by reference Paragraphs 1 through 37 as though fully set forth herein.

39. At all times relevant herein, the CONCETTA ZINGARO, was the wife of the Plaintiff, JOSEPH ZINGARO.

40. Solely as a result of the negligence, carelessness and recklessness of the Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, set forth herein above, and the resultant injuries of the Plaintiff, JOSEPH ZINGARO, CONCETTA ZINGARO, was deprived of the assistance, financial support, society, and consortium of her husband and will continue to be so deprived during her life.

41. Solely as a result of the negligence, carelessness and recklessness of the Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN DOES 1-10 and JOHN DOES 11-20, set forth herein above, and the resultant injuries of the Plaintiff, JOSEPH ZINGARO, CONCETTA ZINGARO, was caused to incur increased expenses for housing.

WHEREFORE, Plaintiff, KATHLEEN ZINGARO, executrix of the ESTATE of CONCETTA ZINGARO, demands judgment in her favor and against Defendants, CLEARVIEW WHITEHALL GSA LLC and/or the UNITED STATES OF AMERICA, JOHN

DOES 1-10 and JOHN DOES 11-20, for damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with costs, delay damages, pre-judgment and post-judgment interest, and attorney's fees as the law may allow and such other relief as the Court deems just and appropriate.

### Jury Demand

Plaintiffs, JOSEPH C. ZINGARO AND KATHLEEN ZINGARO, hereby demand a trial by jury as to all issues triable by a jury.

### Certification

Joel R. Rosenberg, Esquire, hereby certifies that there is an action pending in the Court of Common Pleas, Lehigh County Pennsylvania, Docket No. 2022-C-1102, which involves the subject matter of this controversy at this time, and that there are no additional known parties who should be joined to the present action at this time.

I hereby certify that the forgoing statements made by me are willfully false. I am subject to punishment.

STARK & STARK, PC

By: _____
JOEL R. ROSENBERG, ESQUIRE
Attorney for Plaintiffs

STARK & STARK
ATTORNEYS AT LAW

### Notice Pursuant to F.R.C.P. Rule 5 and 31 (c)

PLEASE TAKE NOTICE that the undersigned attorney hereby demands that each party herein serve pleadings and/or interrogatories and/or receiving papers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and take further notice that this is a continuing demand.

STARK & STARK, PC<br>
By: _____<br>
JOEL R. ROSENBERG, ESQUIRE<br>
Attorney for Plaintiffs

March 23, 2023

### Demand for Discovery of Insurance Coverage

Pursuant to F.R.C.P. 26(b)(d), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnity or reimburse for payments made to satisfy judgment.

If so, attach a copy of each policy or agreement, or in the alternative state, under oath or certification: (a) policy number; (b) name and address if insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

STARK & STARK, PC<br>
By: _____<br>
JOEL R. ROSENBERG, ESQUIRE<br>
Attorney for Plaintiffs

STARK & STARK
ATTORNEYS AT LAW